Joseph H. Harrington
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SHANNON DUNKIN,<br><br>  Defendant. | No. 2:19-CV-00223<br><br>COMPLAINT |

Plaintiff, United States of America, on behalf of the Department of Health & Human Services ("HHS"), by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant United States Attorney, complains and alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. Section 1345.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant, Shannon Dunkin, resides.

3. Defendant submitted an application to participate in the National Health

COMPLAINT - 1

Service Corps (NHSC) Loan Repayment Program (LRP). 42 U.S.C. § 254l-1. Said application was approved and Defendant entered into an NHSC/LRP contract on August 22, 2012.  Funds totaling $60,000 were paid to her by the federal government in accordance with the above statute and corresponding implementing regulations. 42 C.F.R. part 62, subpart B.

4. These funds were paid to Defendant upon the condition that Defendant provide health services on a half-time clinical basis in a "health professional shortage area" for four (4) years from August 22, 2012, to August 22, 2016.

5. Defendant resigned her employment after only eight (8) months of service and subsequently accepted employment at a site not approved by NHSC for the purposes of meeting her service obligation.

6. On or about December 5, 2013, Defendant was notified that she had been placed in default for failing to fulfill her NHSC/LRP contract.

7. Defendant is indebted to Plaintiff in the principal amount of $199,240.25, plus interest on this principal computed at the rate of 10.125 percent per annum in the amount of $87,551.06 as of March 12, 2019, and interest continuing thereafter on this principal at the rate of $55.27 per day, until the date of judgment. See Exhibit A attached hereto and incorporated herein.

8. Demand has been made upon Defendant by Plaintiff for the sum due but the amount due remains unpaid.

9. Wherefore, Plaintiff prays for judgment against Defendant for the total of

COMPLAINT - 2

$286,791.31, inclusive of interest of $87,551.06 at 10.125 percent per annum on the principal sum of $199,240.25, which has accrued as of March 12, 2019, and will continue to accrue until date of judgment.  Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Dated June 27, 2019.

Joseph H. Harrington
United States Attorney

s/ *Brian M. Donovan*
Brian M. Donovan
Assistant United States Attorney

COMPLAINT - 3



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

**Program Support Center**

**Debt Collection Center**

### CERTIFICATE OF INDEBTEDNESS
### National Health Service Corps
### Loan Repayment Program

Shannon B. Dunkin
2619 W Walton Ave
Spokane, WA 99205
REF: 23140031
SSN: XXX-XX-3958

**Total debt due United States as of March 12, 2019: $286,791.31 (principal $199,240.25, interest $87,551.06).**

I certify that the Department of Health and Human Services' (DHHS) records show that the individual named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the fixed rate of 10.125% per annum. The interest accrues at $55.27 per day.

Ms. Shannon B. Dunkin submitted an application to participate in the National Health Service Corps (NHSC) Loan Repayment Program (LRP) (42 U.S.C. 254l-1). The application was approved, and she entered into an NHSC/LRP contract on August 22, 2012. Funds totaling $60,000 were paid her by the Federal government in accordance with the provisions of the statute and implementing regulations [42 C.F.R. Part 62, Subpart B].

These funds were paid upon the condition that she provide health services on a half-time clinical basis in a health professional shortage area (designated under 42 U.S.C. 254e and 42 C.F.R. Part 5) assigned by the Secretary. She was obligated to provide service for 4 years from August 22, 2012 to August 22, 2016. She was assigned to Lutheran Community Services Northwest, Spokane, Washington. She resigned her employment on May 10, 2013. By email dated November 18, 2013, Ms. Dunkin confirmed that she would be accepting an offer of employment at a site not approved by NHSC. She did not complete the service obligation owed under the written contract. She completed 262 days; 8 full months of service.

Pursuant to 42 U.S.C. 254o(c)(1), if (for any reason) an individual fails either to begin or to complete his or her period of obligated service, the United States shall be entitled to recover from the individual an amount equal to the sum of:

    (A) the total of the amounts paid by the United States for any period of obligated service not served,
    (B) a penalty equal to the product of the number of months of obligated service that were not completed by an individual, multiplied by $3,750, and
    (C) interest on the above amounts from the date of the breach;

        except, the amount the United States is entitled to recover shall not be less than $31,000.00.

**PAGE 2 - CERTIFICATE OF INDEBTEDNESS – SHANNON B. DUNKIN**

The amount the United States is entitled to recover consists of:

(A) the total of the amounts paid by the United States for any period of obligated service not served,

- $49,240.25 ($60,000 *divided by 1,461* obligated service days *times 1,199* days unserved), and

(B) an amount equal to the product of the full number of months of obligated service not completed, multiplied by $3,750.00.

- $150,000 ($3,750 *multiplied by 40* months of service not completed)

For a total beginning principal of $199,240.25

(C) interest on the above amounts from the date of the breach.

On December 05, 2013, she was notified that she had been placed in default for failing to fulfill the requirements of her NHSC/LRP contract. She was advised that the debt must be paid within one (1) year from the date of default. She was also provided instructions for entering a repayment agreement.

In a letter dated June 27, 2014, she was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or an RA was concluded, the account would be referred to DOJ for enforced collection.

By letter dated September 5, 2014, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

Ms. Dunkin was sent a final notice on November 10, 2015, November 17, 2015, July 28, 2016, December 5, 2018 and March 12, 2019 regarding the delinquent debt. She was advised that if repayment arrangements were not finalized that her debt would be referred to the DOJ for enforced collection. She did not comply.

The following provides a breakdown of payments made on the debt:

| | | |
|---|---|---|
| Voluntary Payments | 08/29/14/ to 12/29/14 | 1,250.00 |
| Treasury Offset Payments | 01/14/15/ to 02/06/19 | 28,976.40 |
| Total | | $30,226.40 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ) for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

3/26/2019
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

Exhibit A                                                                                                                                  5

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
SHANNON DUNKIN

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Spokane
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Donovan, Assistant US Attorney
United States Attorney's Office
PO Box 1494, Spokane, WA 99210-1494, Telephone: (509) 353-2767

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine    ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice    ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  | ☐ 791 Employee Retirement Income Security Act |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other    **Other:**    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education    ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1345
Brief description of cause:
Recovery of Defaulted Student Loan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/27/2019
SIGNATURE OF ATTORNEY OF RECORD: s/ Brian M. Donovan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## Eastern District of Washington

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff(s)*<br>v.<br>SHANNON DUNKIN<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:19-CV-00223<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Shannon Dunkin
2619 W. Walton Ave.
Spokane, WA 99205

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brian M. Donovan
Assistant United States Attorney
PO Box 1494
Spokane, WA 99210-1494

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date

**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:19-CV-00223

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date _____

Server's signature _____

Printed name and title _____

Server's address _____

Additional information regarding attempted service, etc: